UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ACE V. WHITENER,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>GAVASOZ FOIA,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-00352-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Ace V. Whitener filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 5), a complaint asserting Freedom of Information Act ("FOIA") violations under 5 U.S.C. § 552 (ECF No. 1-1 ("Complaint")), a motion for counsel (ECF No. 1-3), a motion for the Court to take judicial notice (ECF No. 1-5), and a motion to deem as timely his motion to proceed IFP (ECF No. 6). On October 14, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 8), recommending the Court grant the IFP application (ECF No. 5), dismiss the Complaint without prejudice and, in part, with leave to amend, deny as moot the motion for counsel (ECF No. 1-3), and grant the motion for judicial notice (ECF No. 1-5) and the motion to deem as timely his motion to proceed IFP (ECF No. 6). On October 17, 2025, the R&R was returned as undeliverable. (ECF No. 9.) As a result, the Court issued an order directing Whitener to file a notice of change of address and extended the deadline for Whitener to object to the R&R to November 28, 2025. (ECF No. 10.) The Court warned Whitener that the action could be dismissed without prejudice if he failed to timely file a notice of change of address by that deadline. (*Id.*)

On October 31, 2025, Whitener filed an updated address (ECF No. 11) and a "motion for reservice" of the R&R (ECF No. 12). On November 3, 2025, the Court issued an order granting Whitener's motion for reservice and sending a copy of the previous

R&R to Whitener's updated address. (ECF No. 13.) However, the Court's order came back as undeliverable. (ECF No. 14.) Moreover, to date, Whitener has failed to file an objection to the R&R, and the November 28, 2025 deadline has since passed.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

order as satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Whitener files a *correct* updated address, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Whitener's failure to file a corrected updated address in compliance with the Court's October 30, 2025 order.

It is further ordered that the IPF application is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 3rd Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE